In the Matter of the Estate of ELLA V. VON E. WENDEL, Deceased.*

Surrogate's Court, New York County, July 5, 1933.

---

\* See, also, 143 Misc. 480; Id. 817; 144 id. 467; 146 id. 260.

*George Flint Warren, Jr.* [*John M. Harlan, Emory R. Buckner, Henry J. Friendly* and *John Edmond Hewitt* of counsel], for the proponent.

*George A. Washington* [*Horace M. Gray* of counsel], for Hattie Bishop Dew and others.

FOLEY, S. This is an application for an order permitting the reception of newly-discovered evidence and further testimony in the proceeding. A previous application for similar relief was made *de novo* in the Appellate Division of the First Department, but was in effect remitted to this court for consideration. On January 13, 1933, after the submission of testimony upon the status of the claimants, an order was made by me adjudging that the claimants were not related to Miss Wendel, the decedent, and their appearances were stricken out. Subsequently a rehearing was authorized by the surrogate upon the ground of newly-discovered evidence upon application by the claimants. The original order of January thirteenth was vacated and testimony taken. Upon that hearing, Rebecca Dew Cooper, a sister of the original five claimants of the so-called Dew family, was permitted to intervene as an additional party. A similar conclusion was reached by the surrogate upon the entire record in the original and second proceeding and an order was again made upon April 5, 1933, adjudging that John H. Dew, the grandfather of the claimants, was not the uncle of the decedent; that the claimants were not related to Miss Wendel and were not persons interested in this estate. Their notices of appearance were stricken out.

The present motion, again upon newly-discovered evidence, was made upon affidavits. The surrogate, desirous of personally hearing the testimony of the witnesses and examining the documents which were claimed to be newly discovered, directed that a preliminary hearing be held for those purposes instead of deciding the matter upon affidavits only. This third hearing covered an additional two days. At its conclusion I held orally that the alleged newly-discovered evidence was insufficient to modify or change my original determination that these six claimants were not related to Miss Wendel, the decedent. In so far, therefore, as the motion may be directed to an application to vacate the order of April 5, 1933, which struck out the notices of appearance, this motion must be denied. Much of the oral testimony was cumulative and had been covered by similar testimony submitted to me at the second rehearing.

In my opinion the two alleged newly-discovered documents written in pencil, containing the name in one case and the alleged signature of " John Hammond Dew " in the other, are spurious

and were recently fabricated to supply a grave defect of proof stressed in my original decision (146 Misc. 260). In it I pointed out that all the documents in the case showed that the grandfather of the claimants was John Howell Dew, and not John Hammond Dew, the uncle of Ella Wendel. It also plainly appears that a pencil was employed in these fabricated documents in order to avoid the more easily discoverable forgery, if pen and ink had been used. It is significant, also, that the circumstances of their appearance and discovery are much similar to two other documents received on the second hearing in this matter and likewise found by me to be spurious. One of the latter documents was written in pencil and the other document was a photostatic copy of a judicial paper, the original of which has been mysteriously lost.

I specifically hold that this alleged newly-discovered evidence does not justify any modification or change in my previous determination that these claimants are not related to Ella Wendel, the decedent here.

Counsel for the claimants contends that the exemplification by the courts of Tennessee compels the Surrogate's Court of New York county to accept these documents as authentic, under that part of the Federal Constitution which requires that full faith and credit be given to the public acts, records and judicial proceedings of another State. Conceding that this contention be sound, and that the Federal Constitution be deemed to give sanctity to spurious and palpably fraudulent documents, I hold that these records do not establish that the grandfather of the claimants was the uncle of Miss Wendel. Nor do these documents, even when considered with the other alleged newly-discovered evidence, tend in any manner to disturb the overwhelming weight of the evidence in the original proceeding and my determination based upon that evidence.

In view of the persistent and unwarranted efforts of these claimants to inject themselves into this estate upon testimony and documentary proof supplied by a genealogical expert and other witnesses who have a contingent interest in the outcome of this litigation, counsel for the proponent is directed to submit the record in this case to the grievance committee of the Association of the Bar of the City of New York for appropriate action. (*Matter of Imperatori*, 152 App. Div. 86; *Matter of Schapiro*, 144 id. 1; *People ex rel. Trojan Realty Corporation* v. *Purdy*, 174 id. 702.)

The application to include the record on this motion in the case on appeal from the order of April 5, 1933, is denied. If an appeal be taken from the order to be entered on this application, a separate case on appeal should be proposed and settled.

Order denying motion signed.